UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HEATHER MCLEOD,

      Plaintiff,

v.                                                                                  Case No. 1:15-CV-639

MICHAEL BENJAMIN, et al.,                                         HON. GORDON J. QUIST

      Defendants.
_____/

### ORDER GRANTING MOTION TO APPROVE SETTLEMENT
### AFFECTING THE CLAIMS OF A MINOR

Plaintiff, Heather McLeod, acting as next friend of her minor children, CPW, SPW, and KEW, moves for approval of a settlement disposing of McLeod's remaining claim. Pursuant to the settlement, McLeod will be required to sign a release that will extinguish the appeal rights of CPW, SPW, and KEW as to the claims that this Court dismissed pursuant to its November 28, 2016, Opinion and Order (ECF Nos. 59, 60). In addition, McLeod has filed a motion to appoint guardian ad litem, in which, despite the motion's title, McLeod suggests that the Court can fulfill its responsibilities under Federal Rule of Civil Procedure 17(c)(2) without appointing a guardian ad litem because as next fried, McLeod adequately represents her minor children.

*Motion Regarding Guardian Ad Litem*

Pursuant to Rule 17(c)(2), "[a] minor . . . who does not have a duly appointed representative may sue by next friend or by a guardian ad litem." The rule further states that the court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action." "Rule 17(c) does not make the appointment of a guardian ad litem mandatory. If the court feels that the infant's interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed." *Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35,

39 (5th Cir. 1958). A minor's representation is generally adequate if the minor is represented by a parent as "next friend" and the parent's interests do not conflict with the minor's interests. *In re Chicago, Rock Island & Pac. R.R. Co.*, 788 F.2d 1280, 1282 (7th Cir. 1986); *see also Seibels, Bruce & Co. v. Nicke*, 168 F.R.D. 542, 544 (M.D. NC. 1996) ("In an instance where the complaint or claim has been served on the parent of a minor, and there is no indication that the parent would not or could not represent the minor's interests, courts are not required to appoint a guardian ad litem to represent the minor even if the claim be lost by default."). Moreover, a court should avoid incurring the expense of a guardian ad litem if at all possible. *See id.* ("Permitting the parent to act as a guardian saves the expense of appointing a guardian which is also an important policy consideration."); *United States v. Noble*, 269 F. Supp. 814, 816 (E.D.N.Y. 1967) ("Every effort should be made by the District Courts of the United States to reduce costs by avoiding the appointment of independent guardians unless there is a substantial probability of a conflict of interest and need for protection.").

Considering the circumstances of the instant case, the Court concludes that McLeod can adequately represent her minor children and will act in their best interests. *Seibels, Bruce & Co.*, 168 F.R.D. at 544 (noting that "it may be presumed that parent acts in the best interest of the child"). In addition, the Court discerns no conflict of interest that would require the appointment of an independent guardian. Accordingly, the Court will exercise its discretion not to appoint a guardian.

### *Motion to Approve Settlement*

McLeod states that the she has agreed to settle her remaining claim before this Court and the dismissed claims of the minors, which are currently subject to an appeal (but will be released by McLeod), with all Defendants for a total payment of $10,000.00. Approximately $4,500.00 will be deducted from this amount for out-of-pocket expenses, leaving a total of $5,500.00. Plaintiff has signed an agreement with her counsel calling for the payment of a one-third contingency fee, which

will be taken from the proceeds net of expenses.  A contingent fee of approximately $1,833.00 results, leaving approximately $3,667.00 for McLeod and her minor children.

Based on its familiarity with the facts of the case and the applicable law from the prior motions for summary judgment, the Court finds that the settlement is fair and reasonable to both McLeod and the minor children.  Risk of non-recovery is inherent in any litigation, and this is particularly true in the instant case.  Moreover, Plaintiff's counsel has identified certain circumstances that may render proof of causation of psychological harm to SPW—assuming a reversal of the dismissal on appeal—unpredictable and expensive.  Regarding the contingent fee of $1,833.00, the Court concludes that it is fair and reasonable, particularly given the very real risk of no recovery in this case.

Therefore,

**IT IS HEREBY ORDERED** that the Court will not appoint a guardian ad litem, as the Court concludes that McLeod adequately represents her minor children's interest as next friend.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Approve Settlement Affecting the Claims of a Minor (ECF No. 74) is **GRANTED**.  The parties shall submit dismissal documents within **fourteen (14) days**.


Dated:  June 26, 2017               /s/ Gordon J. Quist
                          GORDON J. QUIST
                          UNITED STATES DISTRICT JUDGE